# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

### CASE NO. _____

MOTIV GROUP, INC.,

      Plaintiff,                          **CLASS ACTION**

v.                                       **JURY DEMAND**

CONTINENTAL CASUALTY COMPANY,

      Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Motiv Group, Inc. ("Motiv" or "Plaintiff"), on behalf of itself and all others similarly situated, states as follows for its Complaint against Defendant Continental Casualty Company ("Continental" or "Defendant"):

## INTRODUCTION

1.      This is a class action brought by Plaintiff Motiv against Defendant Continental, related to insurance policies that insure Plaintiff's properties, business operations, and potential liability in connection with Plaintiff's business operations. These insurance policies include Business Income coverage, Extra Expense coverage, coverage for loss due to the actions of a Civil Authority, and Business Income and Extra Expense – Dependent Property coverage, but do not contain any exclusions for viruses such as COVID-19.

2.      Plaintiff is a small business that purchased Continental's insurance policy and made premium payments for a policy that, in the event of a catastrophe requiring a shutdown of business operations, would require Continental to honor its contractual obligation to provide coverage. In

March 2020, such a catastrophe took place when Plaintiff was forced to close its retail businesses due to the COVID-19 pandemic. All across the country, including in California and New Jersey, government authorities issued closure orders to retail establishments, including the business operated by Motiv, in an effort to stop the rapid spread of the deadly COVID-19 virus. Orders from Civil Authorities requiring businesses to close have resulted in massive losses to businesses throughout the country. As a result, many insureds, including Plaintiff, filed claims for Business Income coverage, Extra Expense coverage, coverage for losses due to the actions of a Civil Authority, and Business Income and Extra Expense – Dependent Property coverage.

3.      In response to the business interruption claims filed by Plaintiff and thousands of other class members resulting from the COVID-19 pandemic, Defendant Continental has systematically denied and continues to deny and refuses to provide payment for insurance claims for coverage for similar losses and expenses by insureds holding policies that are, in all material respects, identical. Defendant's decision to not provide coverage and/or its decision to refuse to pay claims under the common policy forms issued to Plaintiff and the putative class members constitutes a breach of contract and provides them with the right to seek a declaratory judgment pursuant to 28 U.S.C. § 2201(a) on behalf of itself and the class members establishing that they are entitled to receive the benefit of the insurance coverage it purchased and for indemnification of the businesses losses it has sustained.

## PARTIES, JURISDICTION AND VENUE

4.      Plaintiff Motiv is a corporation organized under California law with its principal place of business located in Commerca, CA. Motiv operates a retail establishment and has two locations: a store and a stock room.

5.      Defendant Continental is an Illinois business corporation with its principal place of business in Chicago, Illinois. Continental is an insurance company engaged in the business of selling insurance contracts to commercial entities such as Plaintiff in California and across the country, including in states like New Jersey.

6.      At all times material, Continental engaged in substantial and not isolated activity on a continuous and systematic basis in the state of New Jersey by issuing and selling insurance policies in New Jersey and by contracting to insure property located in New Jersey.

7.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because it involves citizens of different states and the amount in controversy exceeds $75,000.

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d) because there is diversity between Defendant and at least one member of each class; there are more than one hundred members of each class; and the amount in controversy exceeds $5,000,000 exclusive of interest and costs. This Court also has subject matter jurisdiction under 28 U.S.C. §§ 2201 and 2202 and is authorized to grant declaratory relief under these statutes.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred in this district and/or a substantial party of the property that is the subject of the action is situated in this district.

10.      This Court has personal jurisdiction over Defendant because Plaintiff's claims arise out of, among other things, Defendant conducting, engaging in, and/or carrying on business in New Jersey; Defendant breaching a contract in this state by failing to perform acts required by contract to be performed in this state; and Defendant contracting to insure property in New Jersey. Defendant also purposefully availed themselves of the opportunity of conducting activities in the

state of New Jersey by marketing its insurance policies and services within the state, and intentionally developing relationships with brokers, agents, and customers within the state to insure property within the state, all of which resulted in the policy at issue in this action.

## FACTUAL BACKGROUND

### A. *Insurance Coverage*

11.     On February 8, 2020, Motiv obtained the Policy, a property insurance policy issued and underwritten by the Defendant. The insured premises under the policy are 5347 Sheila St, Los Angeles, CA 90040 and 100 Citadel Dr. Ste. 111, Los Angeles CA 90040. A copy of the Motiv Policy is attached as Exhibit A.

12.     The Policy uses standard common forms that contain the same and/or substantially similar provisions at issue in this action as those issued by Continental to the members of the putative class as defined herein.

13.     The Policy is an all-risk insurance policy. In an all-risk insurance policy, all risks of loss are covered unless they are specifically excluded.

14.     In accordance with the all-risk nature of the Policy, Continental agreed to pay for all losses caused by a "Covered Cause of Loss."

15.     The Policy provides "Business Income" coverage, pursuant to which Defendant will pay certain amounts "for the actual loss of Business Income you sustain due to the necessary 'suspension' of your 'operations' during the 'period of restoration.' The 'suspension' must be caused by direct physical loss of or damage to property at the described premises."

16.     The Policy also provided to "Extended Business Income" under certain circumstances when there is a loss of Business Income.

17.     The Policy also provides "Extra Expense" coverage, which "means reasonable and necessary expenses you incur during the 'period of restoration' that you would not have incurred if there had been no direct physical loss of or damage to property caused by or resulting from a Covered Cause of Loss."

18.     Continental agreed to pay Extra Expense (other than the expense to repair or replace property) to (1) Avoid or minimize the "suspension" of business and to continue "operations" at the described premises or at replacement premises or temporary locations, including relocation expenses and costs to equip and operate the replacement premises or temporary locations; or (2) Minimize the "suspension" of business if you cannot continue "operations."

19.     The terms of the Policy also provide the insured with insurance coverage for Business Income, along with any necessary extra expenses incurred, when access to the Insured's properties is specifically prohibited by Civil Authority Orders. This additional coverage is identified as coverage under "Civil Authority" and states in part as follows:

Civil Authority

1. When the Declarations show that you have coverage for Business Income and Extra Expense, you may extend that insurance to apply to the actual loss of Business Income you sustain and reasonable and necessary Extra Expense you incur caused by action of civil authority that prohibits access to the described premises. The civil authority action must be due to direct physical loss of or damage to property at locations, other than described premises, caused by or resulting from a Covered Cause of Loss.

2. The coverage for Business Income will begin 24 hours after the time of that action and will apply for a period of four consecutive weeks after coverage begins.

3. The coverage for Extra Expense will begin immediately after the time of that action and will end when your Business Income coverages ends for this Coverage Extension.

20.     The Civil Authority coverage is an independent basis for business interruption coverage that can be triggered even when the standard business interruption coverage is not.

21.     The Policy also provides Business Income and Extra Expense – Dependent Property coverage, which states:

> When the Declarations show that you have coverage for Business Income and Extra Expense, you may extend that insurance to apply to the actual loss of Business Income you sustain and reasonable and necessary Extra Expense you incur due to the "suspension" of your "operations" during the "period of restoration." The "suspension" must be caused by direct physical loss or damage at the premises of a Dependent Property, caused by or resulting from a Covered Cause of Loss.

22.     "'Dependent Property" means

> property operated by other whom you depend on to:

> a.   Deliver materials or services (other than 'water supply services,' 'communication supply services' or 'power supply services') to you, or to others for your account (Contributing Locations);
> b.   Accept your products or services (Recipient Locations);
> c.   Manufacture products for delivery to your customers under contract of sale (Manufacturing Locations); or
> d.   Attract customers to your business (Leader Locations).

23.     Defendant's standardized language in the Policy regarding coverage for loss of Business Income coverage, Extra Expenses coverage, coverage for loss due to the actions of a Civil Authority, and Business Income and Extra Expense – Dependent Property coverage is present in every policy issued by Continental Insurance to Plaintiff and the putative class members that provides coverage for Business Income, Extra Expenses, coverage for loss due to the actions of a Civil Authority, and Business Income and Extra Expense – Dependent Property coverage.

24.     The Policy utilizes, in part, policy forms and language published by the Insurance Services Office, Inc. ("ISO"), which publishes policy forms for use by the insurance industry—as evidenced by the ISO copyright designation at the bottom of some pages of the Policy.

25.     Despite the fact that, prior to the effective date of the Policy, ISO published and made available for use a standard virus exclusion form, Continental chose *not* to include the ISO

standard virus exclusion form in the Policy. Indeed, the only mention of the word "virus" in the Policy concerns a computer virus and not any other form of organic virus such as COVID-19.

26.     The Policy does not contain any exclusion which would apply to allow Defendant Continental to completely deny coverage for losses caused by COVID-19 and related actions of civil authorities taken in response to COVID-19.

27.     Because the Policy is an all-risk policy and does not exclude Plaintiff's losses, Plaintiff's losses are covered up to the applicable limits of insurance.

**B.** *The COVID-19 Pandemic*

28.     COVID-19 is a novel coronavirus that originated in Wuhan, China at the end of 2019 and rapidly spread around the world, infecting millions of people, including over 2.15 million Americans. Over 118,000 Americans have died due to COVID-19.

29.     COVID-19 is a physical substance that can cause lethal illness. COVID-19 can be present outside the body in viral fluid particles. COVID-19 is highly contagious and easily communicable through droplets in the air and on surfaces.

30.     The scientific community, and those personally affected by the virus, recognize COVID-19 as a cause of real physical loss and damage. Contamination of the Insured Property would be a direct physical loss requiring remediation to clean the surfaces within the Insured Property.

31.     COVID-19 remains capable of being transmitted on a variety of inert physical surfaces for various periods of time. For example, reports issued by the National Institute of Health ("NIH") indicates that COVID-19 remains stable and transmittable in airborne aerosols for up to three hours, on copper for up to four hours, on cardboard for up to 24 hours, and on plastic and stainless steel for up to two to three days. Moreover, the COVID-19 pandemic has been

exacerbated by the fact that the virus physically infects and stays on surfaces of some objects or materials for up to 28 days.

32.     The Center for Disease Control ("CDC") has issued guidance recommending people not to gather in groups larger than 10. Pursuant to CDC guidelines, people face increased danger of contracting COVID-19 in places where people congregate and are in close proximity to one another, and especially in indoor environments.

33.     COVID-19 has been transmitted in a variety of ways, including transmission (a) by way of human contract with surfaces and items of physical property; (b) by human to human contact and interaction, including places like bars and restaurants, retail stores, and hair and beauty salons, and the like; and (c) through airborne particles emitted into the air and even recirculated through air conditioning units.

34.     The presence of COVID-19 particles renders physical property unsafe and impairs its value, usefulness, and/or normal function, causing direct physical harm to property and resulting in direct physical loss and physical damage to property.

35.     The presence of COVID-19 particles and/or the presence of persons infected with COVID-19 or carrying COVID-19 particles at premises renders the premises unsafe, thereby impairing the premises' value, usefulness, and/or normal function, and resulting in direct physical loss to and of the premises and property.

## C. *The Covered Cause of Loss*

36.     The presence of COVID-19 has caused civil authorities throughout the country to issue order requiring the suspension of business at a wide range of establishments, including civil authorities with jurisdiction over Plaintiff's business (the "Closure Orders").

37.     As of the date this complaint is filed, California had over 232,000 confirmed COVID-19 cases, and over 6,080 deaths.

38.     In response to the public health emergency caused by the COVID-19 pandemic, civil authorities across the United States, including the civil authorities with jurisdiction over Plaintiff in California, have issued Closure Order restricting and prohibiting access to Plaintiff's insured property and the insured properties of other putative class members.

39.     On March 4, 2020, Governor Newsom of the State of California proclaimed the existence of a disaster emergency in the State of California due to the COVID-19 pandemic.

40.     Notably, on March 19, 2020, California Governor Newsom issued Executive Order N033-20 which ordered all individual living in the State of California to stay at home or at their place of residence, except as needed to maintain continuity of operations of the federal critical infrastructure sectors as defined in the Order.

41.     Governor Newsom's "Stay At Home" order, like other similar orders entered by Civil Authorities across the United States, were partially entered to stop physical damage and physical loss of property caused by COVID-19's presence.

42.     State courts such as the Pennsylvania Supreme Court have already entered rulings adopting Plaintiff's position that physical loss and damage exists resulting in coverage here. *See Friends of DeVito, et. al v. Wolf*, No. 68 MM 2020 (Pa. April 13, 2020). Furthermore, orders issued in states such as New York, Colorado, Washington, Indiana, New Mexico, North Carolina, Missouri, and Illinois have all recognized that COVID-19 poses a specific threat to property and can cause property loss and damage.

43.     Furthermore, in the City of Los Angeles, the Mayor issued a Public Order on March 19, 2020 ordering people to stay at home and explaining that the "Order is given because, among

other reasons, the COVID-19 virus can spread easily from person to person *and it is physically causing property loss or damage due to its tendency to attach to surfaces for prolonged periods of time.*"

44.     The Closure Orders issued by California authorities covering California non-essential businesses (such as Plaintiff's) are similar to Closure Orders that have been issued nationwide by state and local civil authorities.

45.     The presence of COVID-19 caused direct physical loss of and/or damage to the Insured Property under the Policy by, among other things, damaging the property, denying access to the property, preventing customers and patients from physically occupying the property, causing the property to be physically uninhabitable by customers and patients, causing its function to be nearly eliminated or destroyed, and/or causing a suspension of business operations on the premises.

46.     The Closure Orders of civil authorities prohibited access to Plaintiff and other class members' Insured Properties, and the areas immediately surrounding the Insured Properties, in response to dangerous physical conditions resulting from a covered cause of loss.

47.     As a result of the presence of COVID-19 and the Closure Orders, Plaintiff and other class members sustained a suspension of business operations, sustained losses of business income, and incurred extra expenses. Plaintiff has also sustained business income losses due to direct physical loss or physical damage at the premises of dependent properties

48.     Plaintiff's losses and expenses have continued through the date of filing this action.

49.     Plaintiff's losses and expenses are not excluded from coverage under the Policy. Because the Policy is an all-risk policy and Plaintiff has complied with its contractual obligations, Plaintiff is entitled to payment for these losses and expenses.

50.     Consistent with the terms and procedures of the Policy, Plaintiff submitted a claim for loss to Defendant under the Policy due to the presence of COVID-19 and the shutdown Civil Authority orders.

51.     In violation of the Policy's plain language and its own contractual obligations, Continental denied Plaintiff's claim and refuses to pay for Plaintiff's losses and expenses.

## CLASS ACTION ALLEGATIONS

52.     Plaintiff brings this action pursuant to Rules 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, individually and on behalf of all others similarly situated. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

53.     Plaintiff seeks to represent nationwide classes defined as:

a.  All persons and entities with Business Income coverage under a property insurance policy issued by Continental that suffered a suspension of business due to COVID-19 at the premises covered by the business income coverage (the "Business Income Declaratory Judgment Class").

b.  All persons and entities with Civil Authority coverage under a property insurance policy issued by Continental that suffered loss of Business Income and/or Extra Expense caused by a Closure Order (the "Civil Authority Declaratory Judgment Class").

c.  All persons and entities with Extra Expense coverage under a property insurance policy issued by Continental that sought to minimize the suspension of business in connection with COVID-19 at the premises covered by their Continental property insurance policy (the "Extra Expense Declaratory Judgment Class").

d.  All persons and entities with Business Income and Extra Expense – Dependent Property coverage under a property insurance policy issued by Defendant that suffered an actual loss of Business Income caused by direct physical loss or physical damage at a dependent property or properties ("the Dependent Property Business Interruption Declaratory Judgment Class").

54.     Excluded from each defined Class is Defendant and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities; and the Court staff assigned to this case and their immediate family members. Plaintiff reserves the right to modify or amend each of the Class definitions, as appropriate, during the course of this litigation.

55.     This action has been brought and may properly be maintained on behalf of each Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

56.     **Numerosity—Federal Rule of Civil Procedure 23(a)(1).**  The members of each defined Class are so numerous that individual joinder of all Class Members is impracticable. While Plaintiff is informed and believes that there are thousands of members of each Class, the precise number of Class Members is unknown to Plaintiff but may be ascertained from Defendant's books and records. Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, internet postings, and/or published notice.

57.     **Commonality and Predominance—Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting only individual Class Members, including, without limitation:

a.  Continental issued all-risk policies to the members of the Class in exchange for payment of premiums by the Class Members;

b.  whether the Class suffered a covered loss based on the common policies issued to members of the Class;

c.  whether Continental wrongfully denied all claims based on COVID-19;

d.  whether Continental's Business Income coverage applies to a suspension of business caused by COVID-19;

e.  whether Continental's Civil Authority coverage applies to a loss of Business Income caused by the orders of state governors requiring the suspension of business as a result of COVID-19;

f.  whether Continental's Extra Expense coverage applies to efforts to minimize a loss caused by COVID-19;

g.  whether Continental's Dependent Property Business Interruption coverage applies to a loss of income caused by loss or damage to dependent properties;

h.  whether Continental has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and the related closures; and

i.  whether Plaintiff and the class are entitled to an award of reasonable attorney fees, interest and costs.

58.  **Typicality—Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class Members' claims because Plaintiff and the other Class Members are all similarly affected by Defendant's refusal to pay under its Business Income, Civil Authority, and Extra Expense coverages. Plaintiff's claims are based upon the same legal theories as those of the

other Class Members. Plaintiff and the other Class Members sustained damages as a direct and proximate result of the same wrongful practices in which Defendant engaged.

59.     **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because its interests do not conflict with the interests of the other Class Members who it seeks to represent, Plaintiff has retained counsel competent and experienced in complex class action litigation, including successfully litigating class action cases similar to this one, where insurers breached contracts with insureds by failing to pay the amounts owed under its policies, and Plaintiff intends to prosecute this action vigorously. The interests of the above-defined Classes will be fairly and adequately protected by Plaintiff and its counsel.

60.     **Inconsistent or Varying Adjudications and the Risk of Impediments to Other Class Members' Interests—Federal Rule of Civil Procedure 23(b)(1).** Plaintiff seeks class-wide adjudication as to the interpretation, and resultant scope, of Defendant's Business Income, Civil Authority, Extra Expense, and Dependent Property Business Interruption coverages. The prosecution of separate actions by individual members of the Classes would create an immediate risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the Defendant. Moreover, the adjudications sought by Plaintiff could, as a practical matter, substantially impair or impede the ability of other Class Members, who are not parties to this action, to protect their interests.

61.     **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).** Defendant acted or refused to act on grounds generally applicable to Plaintiff and the other Class Members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class Members.

62.     **Superiority—Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## CAUSES OF ACTION

### COUNT I
### DECLARATORY JUDGMENT –BUSINESS INCOME COVERAGE
**(Claim Brought on Behalf of the Business Income Declaratory Judgment Class)**

63.     Plaintiff repeats and realleges Paragraphs 1-62 as if fully set forth herein.

64.     Plaintiff brings this Count individually and on behalf of the other members of the Business Income Declaratory Judgment Class.

65.     Plaintiff's Continental policy, as well as those of the other Business Income Declaratory Judgment Class Members, are contracts under which Continental was paid premiums in exchange for its promise to pay Plaintiff and the other Business Income Declaratory Judgment Class Members' losses for claims covered by the policy.

66.     Plaintiff and the other Business Income Declaratory Judgment Class Members have complied with all applicable provisions of the policies and/or those provisions have been waived by Continental, or Continental is estopped from asserting them, and yet Continental has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiff and the other Business Income Declaratory Judgment Class Members are entitled.

67.     Continental has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

68.     An actual case or controversy exists regarding Plaintiff and the other Business Income Declaratory Judgment Class Members' rights and Continental's obligations under the policies to reimburse Plaintiff for the full amount of Business Income losses incurred by Plaintiff and the other Business Income Declaratory Judgment Class Members in connection with suspension of their businesses stemming from the COVID-19 pandemic.

69.     Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Business Income Declaratory Judgment Class Members seek a declaratory judgment from this Court declaring the following:

a.  Plaintiff and the other Business Income Declaratory Judgment Class Members' Business Income losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

b.  Continental is obligated to pay Plaintiff and the other Business Income Declaratory Judgment Class Members for the full amount of the Business Income losses incurred and to be incurred in connection with the Closure Orders during the relevant time period and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

## COUNT II
## DECLARATORY JUDGMENT – CIVIL AUTHORITY COVERAGE
### (Claim Brought on Behalf of the Civil Authority Declaratory Judgment Class)

70.     Plaintiff repeats and realleges Paragraphs 1-62 as if fully set forth herein.

71.     Plaintiff brings this Count individually and on behalf of the other members of the Civil Authority Declaratory Judgment Class.

72.     Plaintiff's Continental insurance policy, as well as those of the other Civil Authority Declaratory Judgment Class Members, are contracts under which Continental was paid premiums in exchange for its promise to pay Plaintiff and the other Civil Authority Declaratory Judgment Class Members' losses for claims covered by the policy.

73.     Plaintiff and the other Civil Authority Declaratory Judgment Class Members have complied with all applicable provisions of the policies and/or those provisions have been waived by Continental, or Continental is estopped from asserting them, and yet Continental has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiff and the other Class Members are entitled.

74.     Continental has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

75.     An actual case or controversy exists regarding Plaintiff and the other Civil Authority Declaratory Judgment Class Members' rights and Continental's obligations under the policies to reimburse Plaintiff and the other Civil Authority Declaratory Judgment Class Members for the full amount of covered Civil Authority losses incurred by Plaintiff and the other Civil Authority Declaratory Judgment Class Members in connection with Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

76.     Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Civil Authority Declaratory Judgment Class Members seek a declaratory judgment from this Court declaring the following:

a.  Plaintiff and the other Civil Authority Declaratory Judgment Class Members' Civil Authority losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

b.  Continental is obligated to pay Plaintiff and the other Civil Authority Declaratory Judgment Class Members the full amount of the Civil Authority losses incurred and to be incurred in connection with the covered losses related to the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

**COUNT III**
**DECLARATORY JUDGMENT – EXTRA EXPENSE COVERAGE**
**(Claim Brought on Behalf of the Extra Expense Declaratory Judgment Class)**

77.     Plaintiff repeats and realleges Paragraphs 1-62 as if fully set forth herein.

78.     Plaintiff brings this Count individually and on behalf of the other members of the Extra Expense Declaratory Judgment Class.

79.     Plaintiff's Continental insurance policy, as well as those of the other Extra Expense Declaratory Judgment Class Members, are contracts under which Continental was paid premiums in exchange for its promise to pay Plaintiff and the other Extra Expense Declaratory Judgment Class Members' losses for claims covered by the policy.

80.     Plaintiff and the other Extra Expense Declaratory Judgment Class Members have complied with all applicable provisions of the policies and/or those provisions have been waived by Continental, or Continental is estopped from asserting them, and yet Continental has abrogated its insurance coverage obligations pursuant to the policies clear and unambiguous terms and has

wrongfully and illegally refused to provide coverage to which Plaintiff and the other Class Members are entitled.

81.    Continental has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

82.    An actual case or controversy exists regarding Plaintiff and the other Extra Expense Declaratory Judgment Class Members' rights and Continental's obligations under the policies to reimburse Plaintiff and the other Extra Expense Declaratory Judgment Class Members for the full amount of Extra Expense losses incurred by Plaintiff in connection with Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

83.    Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Extra Expense Declaratory Judgment Class Members seek a declaratory judgment from this Court declaring the following:

a.   Plaintiff and the other Extra Expense Declaratory Judgment Class Members' Extra Expense losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

b.   Continental is obligated to pay Plaintiff and the other Extra Expense Declaratory Judgment Class Members for the full amount of the Extra Expense losses incurred and to be incurred in connection with the covered losses related to the Closure Orders during the relevant time period and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

## COUNT IV
## DECLARATORY JUDGMENT – DEPENDENT PROPERTY BUSINESS INTERRUPTION COVERAGE
### (Claim Brought on Behalf of the Dependent Property Business Interruption Declaratory Judgment Class)

84.     Plaintiff repeats and realleges Paragraphs 1-62 as if fully set forth herein.

85.     Plaintiff brings this Count both individually and on behalf of the other members of the Dependent Property Business Interruption Declaratory Judgment Class.

86.     Under 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights and other legal relations of the parties in dispute.

87.     Plaintiff's Policy, as well as the policies of other Dependent Property Business Interruption Declaratory Judgment Class members, are insurance contracts under which Defendant was paid premiums in exchange for promises to pay Dependent Property Business Interruption Declaratory Judgment Class members' losses for claims covered by the Policy.

88.     In the Policy, Defendant promised to pay for losses of business income sustained as a result of perils not excluded under the Policy. Specifically, Defendant promised to pay for losses of business income sustained due to direct physical loss or physical damage at the premises of a dependent property.

89.     Plaintiff and Dependent Property Business Interruption Declaratory Judgment Class members suffered losses of business income due to direct physical loss and/or physical damage at the premises of dependent properties.

90.     These losses triggered business income from dependent properties coverage under the Policy and other Dependent Property Business Interruption Declaratory Judgment Class members' policies.

91.     Plaintiff and the other Dependent Property Business Interruption Declaratory Judgment Class members have complied with all applicable provisions of their respective policies, including payment of premiums.

92.     Defendant, without justification, dispute that the Policy and other Dependent Property Business Interruption Declaratory Judgment Class members' policies provide coverage for these losses.

93.     Plaintiff seeks a Declaratory Judgment that its Policy and other Dependent Property Business Interruption Declaratory Judgment Class members' policies provide coverage for the losses of business income attributable to the facts set forth above.

94.     An actual case or controversy exists regarding Plaintiff's and other Dependent Property Business Interruption Declaratory Judgment Class members' rights and Defendant' obligations to reimburse Plaintiff and other Dependent Property Business Interruption Declaratory Judgment Class members for the full amount of these losses. Accordingly, the Declaratory Judgment sought is justiciable.

95.     Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Extra Expense Declaratory Judgment Class Members seek a declaratory judgment from this Court declaring the following:

a.  The Policy and other Dependent Property Business Interruption Declaratory Judgment Class members' policies provide coverage for Class members' losses of business income from dependent properties.

b.  Continental is obligated to pay Plaintiff and the other Dependent Property Business Interruption Declaratory Judgment Class Members the full amount of the dependent property income losses incurred and to be incurred in connection with the covered losses related to the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other Class Members, respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

a. Entering an order certifying the proposed nationwide Classes, as requested herein, designating Plaintiff as Class representative, and appointing Plaintiff's undersigned attorneys as Counsel for the Classes;

b. Entering declaratory judgments on Counts I–IV in favor of Plaintiff and the members of the Business Income Declaratory Judgment Class, the Civil Authority Declaratory Judgment Class, Extra Expense Declaratory Judgment Class, and the Dependent Property Business Interruption Declaratory Judgment Class, as follows:

  i. Business Income, Civil Authority, Extra Expense, and Dependent Property Business Interruption losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

  ii. Continental is obligated to pay for the full amount of the Business Income, Civil Authority, Extra Expense, and Dependent Property Business Interruption losses incurred and to be incurred related to COVID-19, the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

c. Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded;

d. Ordering Defendant to pay attorneys' fees and costs of suit; and

e. Ordering such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: July 2, 2020                   Respectfully submitted,


By: */s/ Lawrence E. Bathgate, II*
Lawrence E. Bathgate, II, Esq.
Fed ID No. LB-7387
lbathgate@bathweg.com
John J. Reilly, Esq.
Fed ID No. JR-0402
jreilly@bathweg.com
Ryan M. Farrell
Fed ID No. 276372018
rfarrell@bathweg.com
**BATHGATE, WEGENER & WOLF, P.C.**
One Airport Road
P.O. Box 2043
Lakewood, New Jersey 08701
Phone: (732) 363-0666

Adam M. Moskowitz
(*Pro Hac Vice* Admission Pending)
Florida Bar No. 984280
adam@moskowitz-law.com
Adam A. Schwartzbaum
(*Pro Hac Vice* Admission Pending)
Florida Bar No. 93014
adams@moskowitz-law.com
Howard M. Bushman
(*Pro Hac Vice* Admission Pending)
Florida Bar No. 0364230
howard@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

William F. "Chip" Merlin, Jr.
cmerlin@MerlinLawGroup.com
New Jersey Bar No.  055182013
Florida Bar No.  364721
Michael Howard Moore
DC Bar No.  482356
mmoore@merlinlawgroup.com

(*Pro Hac Vice* Admission Pending)
**MERLIN LAW GROUP**
777 S. Harbour Island Blvd.,
Suite 950
Tampa, FL 33602
Telephone: (813) 229-1000
Facsimile: (813) 229-3692

Rene M. Sigman
Texas Bar No. 24037492
rsigman@MerlinLawGroup.com
(*Pro Hac Vice* Admission Pending)
**MERLIN LAW GROUP**
515 Post Oak Blvd
Suite 510
Houston, Texas 77027
Tel:     (713) 626-8880
Fax:     (713) 626-8881

Christina Phillips
Illinois Bar No.   6287091
cphillips@merlinlawgroup.com
(*Pro Hac Vice* Admission Pending)
**MERLIN LAW GROUP**
181 West Madison
Suite 3475
Chicago, Illinois 60602
Tel:     (312) 260-0806
Fax:     (312) 260-0808