O

# United States District Court
# Central District of California

| | |
|---|---|
| MOTIV GROUP, INC., | Case № 2:20-cv-09368-ODW (Ex) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS [51]; and** |
| v. | **DENYING MOTION OF AMICUS CURIAE TO SUBMIT OPPOSITION TO MOTION TO DISMISS [60]** |
| CONTINENTAL CASUALTY COMPANY, | |
| Defendant. | |

## I.  INTRODUCTION

Plaintiff Motiv Group, Inc. ("Motiv") initiated this putative class action against Defendant Continental Casualty Company ("Continental") seeking declaratory judgment for insurance coverage.  (Compl., ECF No. 1.)  Continental moves to dismiss, (Mot. to Dismiss ("Motion" or "Mot."), ECF No. 51), and non-party United Policyholders ("UP") moves for leave to file an amicus brief in opposition ("UP Motion"), (UP Mot., ECF No. 60).  Both motions are fully briefed.  (*See* Opp'n to Mot. ("Opp'n"), ECF No. 56; Reply, ECF No. 58; Opp'n UP Mot., ECF No. 64; Reply UP Mot., ECF No. 66.)  For the reasons below, the Court **GRANTS** Continental's Motion to Dismiss and **DENIES** UP's Motion for Leave to File an Amicus Brief.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D Cal. L.R. 7-15.

## II.  BACKGROUND[2]

Motiv is a corporation operating a "retail establishment" with two locations, a "retail store" and a "warehouse."  (Compl. ¶ 4; Opp'n 1.)  On February 8, 2020, Motiv entered into an "all-risk" property insurance policy with Continental.  (Compl. ¶¶ 11, 13, Ex. A ("Policy"), ECF No. 1-3.[3])

In March 2020, the Governor of California and the City of Los Angeles ordered the closure of all "non-essential businesses" due to the COVID-19 pandemic ("COVID-19 Civil Authority Orders").  (*Id.* ¶¶ 40–41, 43–44.)  Motiv "was forced to close its retail businesses" in response to these orders.  (*Id.* ¶ 2.)  As a result, Motiv "sustained a suspension of business operations, sustained losses of business income, and incurred extra expenses."  (*Id* ¶ 47.)

Motiv alleges its losses are covered under the Policy and identifies five specific provisions: "Business Income"; "Extended Business Income"; "Extra Expense"; "Civil Authority"; and "Dependent Property."  (*Id.* ¶¶ 1, 15–22; Policy 40–41, 66, 153.)  Motiv filed claims for coverage under these provisions, which Continental denied.  (Compl. ¶¶ 2–3.)  Accordingly, Motiv commenced this litigation against Continental seeking declaratory judgment that the identified provisions provide coverage.  (*See* Compl.)  Continental's motion to dismiss followed, and thereafter UP moved for leave to file an amicus curiae brief supporting Motiv.  (*See* Mot; UP Mot.)

## III.  PRELIMINARY MATTERS

Continental requests, and Motiv does not oppose, that the Court take judicial notice of the COVID-19 Civil Authority Orders and also consider them under the incorporation by reference doctrine.  (*See* Def.'s Req. for Judicial Notice ("RJN"), Exs. B–D, ECF No. 51-1.)  The Court **GRANTS** Continental's RJN as to these exhibits

---

[2] All factual references derive from Plaintiff's Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] As the Policy is compiled, with internally repeating pagination, for this document only the Court cites to the CM/ECF pagination at the top of each page.

1  because the COVID-19 Civil Authority Orders are matters of public record, which are

2  proper subjects of judicial notice.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688

3  (9th Cir. 2001) (discussing that a court may take judicial notice of "matters of public

4  record" that are not "subject to reasonable dispute"); *W. Coast Hotel Mgmt., LLC v.*

5  *Berkshire Hathaway Guard Ins. Cos.*, No. 2:20-cv-05663-VAP (DFMx), 2020 WL

6  6440037, at *2–3 (C.D. Cal. Oct 27, 2020) (taking judicial notice of city and

7  state-issued COVID-19 orders).  Additionally, the Court finds it appropriate to consider

8  the COVID-19 Civil Authority Orders under the incorporation by reference doctrine.

9  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (discussing that a document

10 may be incorporated by reference if neither party disputes its authenticity and the

11 pleading necessarily relies on the document).

12      The Court **SUSTAINS** Continental's Objection to Motiv's "Composite

13 Exhibit C," which Motiv offers in support of its opposition, as the materials in this

14 exhibit are not relevant to Motiv's claims or the pending Motion.  (Objs. to Pl.'s Evid.,

15 ECF No. 59; *see* Decl. of Victor J. Jacobellis ISO Opp'n ¶ 4, Ex. C, ECF No. 56-1.)

16      Finally, the parties submit numerous notices of supplemental authorities, many

17 of which appear to request judicial notice of various court decisions across the country,

18 as well as objections and responses thereto.  (*See* ECF Nos. 51-1, 57, 59, 68–71, 73–76,

19 78–80.)  The Court need not take judicial notice of decisions within this District and

20 beyond, but nevertheless considers them.  However, the Court declines to consider any

21 improper arguments made in these submissions.

22                              **IV.  LEGAL STANDARD**

23      A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable

24 legal theory or insufficient facts pleaded to support an otherwise cognizable legal

25 theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To

26 survive a dismissal motion, a complaint need only satisfy the minimal notice pleading

27 requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*,

28 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a

1    right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

2    555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as

3    true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678

4    (internal quotation marks omitted).

5         The determination of whether a complaint satisfies the plausibility standard is a

6    "context-specific task that requires the reviewing court to draw on its judicial

7    experience and common sense." *Id.* at 679.  A court is generally limited to the pleadings

8    in ruling on a Rule 12(b)(6) motion but may consider "attached exhibits, documents

9    incorporated by reference, and matters properly subject to judicial notice." *In re*

10   *NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014); *see Lee*, 250 F.3d

11   at 688–89.   When considering the pleadings, a court must construe all "factual

12   allegations set forth in the complaint . . . as true and . . . in the light most favorable" to

13   the plaintiff.  *Lee*, 250 F.3d at 679.  However, a court need not blindly accept conclusory

14   allegations, unwarranted deductions of fact, and unreasonable inferences.  *Sprewell v.*

15   *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

16        Where a district court grants a motion to dismiss, it should generally provide

17   leave to amend unless it is clear the complaint could not be saved by any amendment.

18   *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025,

19   1031 (9th Cir. 2008).  Leave to amend may be denied when "the court determines that

20   the allegation of other facts consistent with the challenged pleading could not possibly

21   cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393,

22   1401 (9th Cir. 1986).  Thus, leave to amend "is properly denied . . . if amendment would

23   be futile." *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir.

24   2011).

25                                    **V.  DISCUSSION**

26        The Court first addresses Continental's Motion to Dismiss before turning to UP's

27   Motion for Leave to File an Amicus Brief.

28

4

**A.** **Motion to Dismiss**

Continental argues Motiv's Complaint should be dismissed because the Policy provisions on which Motiv relies provide coverage for only "direct physical loss of or damage to" the premises, and Motiv cannot recover because it fails to allege the insured premises was "physically damaged." (Mot. 10–12.) In opposition, Motiv contends it is entitled to coverage under these Policy provisions because COVID-19 Civil Authority Orders forced Motiv to "close its location" and this constitutes a "physical loss" of property that "result[ed] in major losses in revenue." (Opp'n 1.) The Court agrees with Continental for the following reasons.[4]

To begin, the Policy provisions at issue all contain identical language conditioning recovery on "direct physical loss of or damage to property." (*See* Compl. ¶¶ 15–21; Policy 40–41, 66, 153.) Indeed, both the Business Income and Extended Business Income provisions state that coverage is contingent on "the necessary 'suspension' of [business] 'operations'" caused by "direct physical loss of or damage to the [insured] property." (Compl. ¶¶ 15–16; Policy 40–41.) Similarly, Extra Expense coverage is available only for losses that the insured "would not have incurred if there had been no direct physical loss of or damage to property." (Compl. ¶ 17; Policy 41.) The Civil Authority provision also provides coverage only for losses caused by an "action of civil authority that prohibits access to the described premises . . . due to direct physical loss of or damage to property." (Compl. ¶ 19; Policy 66.) And the Dependent Property provision provides coverage only for losses incurred as a result of "direct physical loss or damage" to the insured premises. (Compl. ¶ 21; Policy 153.) Thus, the question becomes whether Motiv has alleged "direct physical loss or damage" sufficient to trigger coverage under one of these provisions.

---

[4] As the Court finds the failure to allege direct physical loss of or damage to the property dispositive, it need not consider the parties' additional arguments, and declines to do so.

1    Under California law,[5] "losses from inability to use property do not amount to

2    'direct physical loss of or damage to property' within the ordinary and popular meaning

3    of the phrase."  *10E, LLC v. Travelers Indem. Co. of Conn.*, 483 F. Supp. 3d 828,

4    835–36 (C.D. Cal. 2020).  Further, only a "distinct, demonstrable, physical alteration"

5    of property will amount to physical loss or damage that may trigger coverage.  *MRI*

6    *Healthcare Ctr. of Glendale, Inc. v. State Farm Gen. Ins. Co.*, 187 Cal. App. 4th 766,

7    779 (2010).  "Detrimental economic impact" alone is insufficient.  *10E*, 483 F. Supp.

8    3d at 836.  Several courts in this jurisdiction have recently considered cases with facts

9    nearly identical to this one, and these courts have reached a consensus—where an

10   insurance policy conditions recovery on "direct physical loss or damage," economic

11   business impairments caused by COVID-19 safety orders do not fall within the scope

12   of coverage.  *10E*, 483 F. Supp. 3d at 835–37; *see, e.g.*, *Mark's Engine Co. No. 28 Rest.,*

13   *LLC v. Travelers Indem. Co. of Conn.*, No. 2:20-cv-04423-AB (SKx), 2020 WL

14   5938689, at *4 (C.D. Cal. Oct. 2, 2020) (holding a business could not recover for

15   pandemic-related economic losses under an insurance policy requiring "direct physical

16   loss" or "direct physical damage" for coverage); *W. Coast Hotel Mgmt.*, 2020 WL

17   6440037, at *4–7 (same).

18       Here, the Policy provisions on which Motiv relies clearly condition recovery on

19   "direct physical loss of or damage to" the insured premises.  (*See* Compl. ¶¶ 15–21*;*

20   Policy 40–41, 66, 153.)   But Motiv alleges only that COVID-19 restrictions have

21   required it to "close its retail businesses."  (Compl. ¶ 2.)  Nowhere in the Complaint

22   does Motiv sufficiently allege direct physical loss or damage such as would trigger

23   coverage.  (*See generally* Compl.); *see also 10E*, 483 F. Supp. 3d at 835–37.

24

25   [5] It is undisputed that California law governs this case.  *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*,
     499 F.3d 1048, 1052 (9th Cir. 2007) ("[In] a diversity action the law of the forum state, California,
26   applies.").  Under California law, "interpretation of an insurance policy is a question of law."  *Waller*
     *v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995).  "When interpreting a policy provision, [courts] must
27   give its terms their ordinary and popular sense, unless used by the parties in a technical sense or a
     special meaning is given to them by usage."  *Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115 (1999)
28   (internal quotation marks omitted).

1      Nevertheless, Motiv insists "direct physical loss" should be read to encompass

2   the type of economic business impairments it has suffered.  (Opp'n 9–10 (citing *Total*

3   *Intermodal Servs. Inc. v. Travelers Prop. Cas. Co. of Am.*, No. CV 17-04908-AB (KSx),

4   2018 WL 3829767 (C.D. Cal. July 11, 2018)).)   But Motiv's reliance on *Total*

5   *Intermodal* is misplaced.  The *Total Intermodal* court merely held that an insured need

6   not show lost cargo is damaged if the cargo has been permanently dispossessed.  *Total*

7   *Intermodal*, 2018 WL 3829767, at *3–4.  That holding is entirely inapplicable to the

8   present facts; the court in *Total Intermodal* acknowledged as much when it noted that

9   "the same phrase in a different kind of insurance contract could mean something else."[6]

10  *Total Intermodal*, 2018 WL 3829767, at 4 n.4.  Moreover, even if the Policy did cover

11  "permanent dispossession," which it does not, Motiv has not alleged any such

12  permanent dispossession, nor could it, as COVID-19 safety orders have only

13  temporarily restricted Motiv's use of its premises.  *See 10E*, 483 F. Supp. 3d at 836;

14  *Plan Check*, 485 F. Supp. 3d at 1231–32.

15      While the Court is sympathetic that Motiv is suffering economically from the

16  unprecedented COVID-19 pandemic, an economic business impairment does not

17  qualify as physical loss or damage to the premises.  *See 10E, LLC*, 483 F. Supp. 3d

18  at 836.  As Motiv does not allege direct physical loss or damage to the property, its

19  claims are not covered and its causes of action for declaratory judgment fail.  Thus, the

20  Court **GRANTS** Continental's Motion to Dismiss.  Additionally, the Court finds that

21  leave to amend would be futile because allegations of other facts consistent with the

22  Complaint could not cure these deficiencies.  *See Schreiber Distrib. Co.*, 806 F.2d

23  at 1401; *Carrico*, 65 F.3d at 1008.  As such, dismissal is without leave to amend.

24

25

26  [6] Notably, the same court that decided *Total Intermodal* later commented that "rel[iance] on . . . *Total*

27  *Intermodal* [to interpret the policy language] 'direct physical loss of' [as] encompass[ing] deprivation
    of property without physical change in the condition of the property . . . would be without any

28  'manageable bounds.'"  *Mark's Engine*, 2020 WL 5938689, at *4 (quoting *Plan Check Downtown III,*
    *LLC v. AmGuard Ins. Co.*, 485 F. Supp. 3d 1225, 1231 (C.D. Cal. 2020)).

**B.      Motion for Leave to File an Amicus Brief**

In response to Continental's Motion to Dismiss, UP moved for leave to file an amicus curiae brief supporting Motiv.  (UP's Mot.)  Continental opposes UP's motion.  (Opp'n UP Mot.)

"The district court has broad discretion to appoint amici curiae."  *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).  To qualify for amicus status, an individual or organization seeking to appear as amicus must merely "make a showing that his participation is useful to or otherwise desirable to the court."  *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)); *Congregation Etz Chaim v. City of Los Angeles*, No. CV 97-5042 CAS (Ex), 2009 WL 1293257, at *5 n.4 (C.D. Cal. May 5, 2009).  However, amicus status may be denied where the amicus lacks "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *Io Grp., Inc. v. Veoh Networks, Inc.*, No. C06-03926 HRL, 2007 WL 2433385, at *1 (N.D. Cal. Aug. 22, 2007) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)).

Here, UP's participation would not be beneficial to the Court.  UP's proposed brief is filed in support of Motiv's position and in opposition to Continental's, and sets forth arguments similar to those in Motiv's pleading and opposition.  It does not offer a unique perspective or information beyond that provided by the parties.  *See Io Grp.*, 2007 WL 2433385, at *1; *see also NGV Gaming*, 355 F. Supp. 2d at 1068 ("Motions to file 'oppositions' to [a party's] briefs . . . will not be considered . . . .").  Consequently, granting UP's motion would not change the outcome of Continental's Motion to Dismiss as discussed above.  Therefore, although the standards concerning amicus status are liberal, UP's participation in this case would not serve the purposes of an amicus, and the Court **DENIES** UP's Motion for Leave to File an Amicus Brief.

## VI.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Continental's Motion to Dismiss without leave to amend (ECF No. 51) and **DENIES** UP's Motion for Leave to File an Amicus Brief (ECF No. 60).  The Court will issue Judgment.

**IT IS SO ORDERED.**

April 1, 2021

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

9